GEORGE W. DRAPER, Respondent, *v.* HORACE S. DRAPER and MARY, his Wife, Appellants.

*Action for an accounting — a deed, when a mortgage — relief not demanded by the complaint, granted.*

A deed of certain premises, absolute on its face, subject to $6,000 of incumbrances, was given by the owner thereof to his brother for the expressed consideration of $500, though nothing was in fact paid therefor, and the grantee, upon receiving such conveyance, gave to the grantor a paper signed by him agreeing that whenever the grantor paid to him the amount of the claims against the property transferred, that he would transfer the same back to the grantor without further cost to him.

*Held,* that the conveyance and the paper taken back should be construed together; that they constituted a mortgage, and that the grantee stood to the grantor in the relation of a mortgagee in possession of the premises, and was liable to account as such, and bound to reconvey the premises upon being paid the amount due him.

Where an answer is served to a complaint, and a trial had, any relief may be granted that is consistent with the averments of the complaint.

APPEAL by defendants, Horace S. Draper and Mary Draper, from an interlocutory judgment, a decree and an order, made at the Onondaga Special Term, and entered in the clerk's office of the

county of Onondaga on the 23d day of February, 1893, adjudging that a certain deed and contract alleged 'to be a deed in trust was a mortgage, and ordering an accounting.

The plaintiff in his complaint demanded judgment that the defendant Horace S. Draper be required to account to the plaintiff, and to declare and show the amount and dates of payments of principal and interest which he has made upon certain mortgages, and upon any valid liens or claims against the mortgaged premises since the date of said conveyance and upon each separately, and any other payments, if any, to or for which he is entitled to or claims any credit. And that he account for all income received in any way from said premises, showing the dates and items thereof; and that the true and proper amount be ascertained upon payment of which the plaintiff should be entitled to have and receive a reconveyance of said property ; that it be adjudged that upon payment of the amount thus ascertained the defendants, Horace S. Draper and Mary, his wife, execute, acknowledge and deliver a good and sufficient deed of conveyance of said land and premises to the plaintiff; and that upon payment of the amount so ascertained to said defendant, or to some depositary to be named by the court for his use, the title to said land and premises be adjudged to be in and belong to the plaintiff, free and discharged of and from any and all rights, claims and demands or interests of the said defendants, Horace S. Draper and Mary Draper, his wife; and also for such other, further or different relief in the premises as to the court should seem just.

On March 12, 1879, the plaintiff conveyed certain premises to his brother, the defendant, Horace S. Draper, by a deed, absolute on its face, and for the expressed consideration of $500. Such premises were subject to about $6,000 of incumbrances thereon, and nothing was in fact paid by the defendant for such conveyance. On receiving such conveyance he gave back to the plaintiff the following written agreement :

"I hereby agree that whenever, after this date, Geo. W. Draper pays to me the amount of claims (principal and interest) against the place transferred this day by him to me, that I will transfer the same back to him without further cost to him.

"GEDDES, *March 12th,* 1879.

         "(Signed)    HORACE S. DRAPER."

This action is brought for an accounting by the defendant of the amounts paid by him upon the incumbrances against the premises, and of the rents and profits received by him therefrom, and for a reconveyance upon payment to him of the balance so found to be due him.

Upon the trial at Special Term, the court held that the conveyance and paper taken back should be construed together and constituted a mortgage ; that the defendant stood in relation to the plaintiff as a mortgagee in possession of the premises, and was liable to account as such, and to reconvey the premises upon being paid the amount due him as such, and ordered an interlocutory judgment to that effect. From the judgment entered on that decision the defendants bring this appeal.

*Homer Weston*, for the appellants.

*Stone, Gannon & Pettit*, for the respondent.

PARKER, J. :

The appellant contends that the deed executed to the defendant and the written agreement taken back by the plaintiff should not be construed as a mortgage, because at the time the relation of debtor and creditor did not exist betwen the parties, and the defendant did not assume any obligation to pay or advance anything for the plaintiff. That for such reason he was not in a situation to require any security from the plaintiff, and, therefore, the idea that the deed was intended as a mortgage is effectually rebutted. His claim seems to be that the transaction was a voluntary gift of the premises to the defendant, with the privilege of repurchasing them upon paying the amount of the liens then existing against them.

It is utterly incredible that the plaintiff ever agreed to give the property to his brother and purchase it back for something over $6,000, still covered with the incumbrance upon it. From the whole evidence it is manifest that the defendant was to advance the amount due upon the incumbrances, or at least so much of it as was necessary to keep the creditors quiet and prevent a sale of the property, and hold the title as a security for the advances so made. In this case there was no sale from the plaintiff to the defendant.

There is nothing in the writing taken back that indicates that a resale

FOURTH DEPARTMENT, SEPTEMBER TERM, 1893.    [Vol. 71.

was intended, but everything indicates that security for advances to be made was intended.    It does not require the citation of authorities to show that under such circumstances the relation of mortgagee and mortgagor must exist between the parties.    (*Rogers* v. *New York & Texas Land Co.*, 134 N. Y. 197; *Simon* v. *Schmidt*, 41 Hun, 318.)    None of the authorities to which we are referred by the appellants' counsel contradict such a conclusion.    Assuming that the defendant is a mere mortgagee in possession of the plaintiff's property, there will be no dispute but that he is liable to account, and to reconvey upon being paid his debt.    (*Horn* v. *Keteltas*, 46 N. Y. 607; *Simon* v. *Schmidt*, *supra*.)

It is further contended that the complaint is not sufficient to warrant the judgment ordered by the Special Term.    Every fact necessary to establish the relation found to exist between these parties is averred in the complaint.    When an answer is served, and a trial had, any relief may be granted that is consistent with such averments.    (*Rogers* v. *New York & Texas Land Co.*, 134 N. Y. 219.)

We do not discover any error in the rulings made upon the trial, and on the whole case conclude that the judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.